O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO SERVICES, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>GABON AIRLINES,<br><br>    Defendants. | Case No. EDCV 08-134-VAP (OPx)<br><br>**[Motion filed on September 12, 2008 ]**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

  The Court has received and considered all papers filed in support of the Plaintiff's Motion for Preliminary Injunction ("Motion"). This Motion is appropriate for resolution without hearing. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set on October 27, 2008 at 10:00 a.m. is VACATED. For the reasons set forth below, the Court DENIES the Motion.

///
///
///
///
///

# I. BACKGROUND

## A. Factual Allegations

In October 2006, Defendant Gabon Airlines purchased two used Boeing 767 aircraft from Leo Services, Inc. (See Compl. at ¶¶ 9, 10.)  Defendant is "an airline company based on [sic] Gabon, Africa."  (Id. at ¶ 8.) Plaintiff Leo Services, Inc. is a "Georgia corporation in the business of procuring aircrafts, vehicles, construction equipment, and recreational equipment for its domestic and international customers."  (Id. at ¶ 7.) At all times relevant here, the two aircraft were held at Victorville Aerospace, LLC, in Victorville, California. (Id. at ¶ 6.)

As part of its obligations under the Purchase Agreement, Leo Services agreed to "oversee and supervise the inspections, maintenance checks, and repairs of the two (2) airplanes." (Id. at ¶ 11.)  Leo Services performed its obligations under the agreement and in July 2007, "the inspections, maintenance checks, and repairs for one (1) of the two (2) airplanes were complete." (Id. at ¶ 15.)  Gabon Airlines sent representatives to retrieve the aircraft and fly it to Gabon, Africa.  (Id. at ¶ 16.)

///
///
///

1   Leo Services submitted invoices for $734,584.52 for
2 its services to Gabon Airlines. (Id. at ¶ 17.) After
3 numerous unavailing attempts to contact Gabon Airlines to
4 obtain payment for the services rendered, Leo Services
5 ceased its supervision of the second aircraft's repair.
6 (Id. at ¶¶ 18, 19.) The President of Leo Services
7 traveled to Libreville, Gabon in December 2007 to meet
8 with Gabon Airlines representatives, who informed him
9 that the airline would not remit payment. (Id. at ¶¶ 20,
10 21.)
11
12   Leo Services filed a Claim of Aircraft Lien for the
13 one aircraft remaining at Victorville Aerospace but was
14 notified by the Federal Aviation Administration ("FAA")
15 that the lien could not be filed because the aircraft's
16 registration information had been transferred to South
17 Africa from the FAA. (Mabouka Decl. at ¶¶ 19-21.)
18
19 **B. Procedural History**
20   Plaintiff Leo Services filed a Complaint in the Court
21 on February 1, 2008 against Defendant Gabon Airlines.
22 (See Compl.) Plaintiff asserts the following claims: (1)
23 breach of contract; (2) unjust enrichment; (3) injunctive
24 relief; (4) sale of personal property; and (5) attorney's
25 fees. (Id.) The Defendant has not responded to the
26 Complaint.
27 ///
28

On September 12, 2008, Plaintiff filed a Motion for Preliminary Injunction ("Motion"), seeking an order "enjoining Defendant from moving the [aircraft undergoing repairs at Victorville Aerospace] from its current location at Victorville Aerospace."  (Mot. at 6.) Defendant has not opposed the Plaintiff's Motion.

## II. DISCUSSION

Plaintiff seeks an order barring Defendant from moving an aircraft from Victorville Aerospace, based on the following arguments: (1) Plaintiff demonstrates a substantial likelihood of success on the merits due to Defendant's clear breach of the agreement; (2) Plaintiff will suffer irreparable injury without the preliminary injunction because allowing Defendant to move the aircraft will prevent Plaintiff to pursue its claims against Defendant; (3) balance of the hardships tips in favor of Plaintiff because there is no harm to Defendant in being prevented from moving the aircraft.  (See Mot.)

The Court does not reach the merits of Plaintiff's arguments because the Court lacks in personam jurisdiction over the Defendant.  A court must have personal jurisdiction over the parties to be enjoined before issuing an injunction.  See Hitchman Coal & Coke Co. v. Mitchell, L.R.A., 245 U.S. 229, 234-35 (1917); Zepeda v. United States I.N.S., 753 F.2d 719 (9th Cir.

1983); see also Reebok Int'l Ltd. v. McLaughlin, 49 F.3d 1387, 1394 (9th Cir. 1995) (finding lack of personal jurisdiction over the party sought to be enjoined as a defense to a contempt proceeding).  Due process requires that nonresident defendants have certain "minimum contacts" with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.  Int'l Shoe v. Washington, 326 U.S. 310 (1945).  "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law."  Hanson v. Denckla, 357 U.S. 235, 253 (1958).

   A court may exercise personal jurisdiction over a nonresident defendant generally or specifically.  Doe v. Am. Nat'l Red Cross, 112 F.3d 1048, 1050 (9th Cir. 1997). Specific jurisdiction exists when: (1) the defendant purposefully avails himself of the "privilege of conducting activities in the forum;" (2) the claims arises "from the defendant's forum-related activities;" and, (3) is reasonable.  See Data Disc, Inc. V. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). Alternatively, a court has general jurisdiction when the defendant's activities within a state are "substantial" or "continuous and systematic."  Id.

Case 5:08-cv-00134-VAP-OP Document 16 Filed 10/23/08 Page 6 of 9 Page ID #:88

The plaintiff has the burden to establish a court's personal jurisdiction over a defendant. <u>Cubbage v. Merchent</u>, 744 F.2d 665, 667 (9th Cir. 1984), <u>cert. denied</u>, 470 U.S. 1005 (1985). The plaintiff need only demonstrate facts that, if true, would support jurisdiction over the defendant. <u>Ballard v. Savage</u>, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted); <u>see also</u> <u>AT&T v. Compagnie Bruxelles Lambert</u>, 94 F.3d 586, 588 (9th Cir. 1996) (where trial court rules on jurisdictional issue based on affidavits and discovery materials without holding evidentiary hearing, plaintiff need only make prima facie showing).

Plaintiff does not allege, much less show, that Defendant's activities within California are "substantial" or "systematic or continuous." <u>Data Disc, Inc.</u>, 557 F.2d at 1287. Defendant's lone contact with California is the incidental presence of one aircraft, the subject of Defendant's agreement with Plaintiff, in the state. Thus, based on the record before the Court, it appears that at most, Plaintiff could assert Defendant is subject to specific jurisdiction.

Plaintiff fails to demonstrate specific jurisdiction exists over Defendant. As stated above, to show specific jurisdiction, Plaintiff must show: (1) the defendant purposefully avails himself of the "privilege of

conducting activities in the forum;" (2) the claims arise "from the defendant's forum-related activities;" and, (3) is reasonable.  <u>Data Disc, Inc.</u>, 557 F.2d at 1287.  Here, Plaintiff has alleged no facts that Defendant has purposefully availed itself of the benefits and protections of California's laws.  Plaintiff has not alleged the presence of the aircraft in California is attributable to any act by the Defendant; rather the Court notes for the sake of argument that the presence of the aircraft in California could be attributable to Plaintiff's activities in the forum state.  Defendant's single contact with the forum state is incidental and does not demonstrate Defendant has "purposefully availed" itself of the "privileges of conducting activities" in California.  <u>Data Disc, Inc.</u>, 557 F.2d at 1287.  In fact, Plaintiff alleges this single aircraft is the only contact Defendant has with the United States, as a whole. (<u>See</u> Mot. at 9 ("Defendant is a foreign company with no known assets in the United States other than the Victorville Airplane found within the Court's jurisdiction.").)  Defendant's single incidental contact with California renders it unreasonable to exercise jurisdiction over the Defendant, even though the claims arise "from the defendant's forum-related activities." <u>Data Disc, Inc.</u>, 557 F.2d at 1287.

///

///

1    The presence of the aircraft within the Court's
2 geographic jurisdiction and to which Defendant arguably
3 holds an ownership interest under the terms of their
4 agreement with Plaintiff is insufficient to create in
5 personam jurisdiction over the Defendant in this case.
6 Plaintiff has not established even a "reasonable
7 probability" that in personam jurisdiction over Defendant
8 exists in this case.  See Enterprise Int'l, Inc. v.
9 Corporacion Estatal Petrolera Ecuatoriana, 762 F,2d 464,
10 471 (5th Cir. 1985).

12    Furthermore, Plaintiff could not succeed in its
13 effort to enjoin the Defendant from moving the aircraft
14 by arguing that the Court has in rem jurisdiction over
15 the property.  The Court does have in rem jurisdiction
16 over the aircraft, given the aircraft's location within
17 the bounds of the Court's geographic jurisdiction in the
18 Central District of California.  See Shaffer v. Heitner,
19 433 U.S. 186, 207-08 (1977) ("when claims to the property
20 itself are the source of the underlying controversy
21 between the plaintiff and the defendant, it would be
22 unusual for the State where the property is located not
23 to have jurisdiction.").  Nevertheless, Plaintiff's
24 attempt would fail because "injunctive relief cannot be
25 ordered in an in rem action because things or property
26 cannot be enjoined to do anything."  R.M.S. Titanic, Inc.
27 v. Haver, 171 F.3d 943, 957 (4th Cir. 1999).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a Preliminary Injunction is DENIED.

Dated: October 23, 2008

VIRGINIA A. PHILLIPS
United States District Judge

9